UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER A. STANTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-89-JD-MGG |
| WEXFORD MEDICAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher A. Stanton, a prisoner without a lawyer, filed a complaint (ECF 1) naming five defendants at the Westville Correctional Facility alleging he is not receiving adequate medical care for a large mass in his abdomen. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

On November 3, 2020, Stanton noticed a mass in the area of his left upper abdomen. ECF 1 at 3 and ECF 1-1 at 2. On November 16, 2020, a nurse examined him and "no significant abnormality [was] seen." ECF 1-1 at 8. Nurse Ekea could not find it and Nurse Smith was only able to locate a small mass. ECF 1 at 3. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs,

he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Stanton does not believe Nurses Ekea and Smith provided him with proper medical treatment, but

> medical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). Stanton disagrees with the nurses' decisions to not do more. However, "a disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim . . .." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). This complaint does not plausibly allege either Nurse Ekea or Nurse Smith acted outside the scope of professional judgment, practice, or standards. Therefore, they will be dismissed.

On November 12, 2020, Stanton filed a health care request. ECF 1-1 at 5. Dorothy Livers responded the day she received it, November 16, 2020, by telling him he would be scheduled for a medical appointment. It is unclear whether she scheduled him for the nurse visit he had the same day, or with Dr. Liaw on November 24, 2020, or both. Either way, there are no allegations that she is a health care provider, that she had any other involvement with his treatment, or that she delayed his treatment. The complaint

2

does not state a claim against her merely because she received his health care request and scheduled him for an appointment or appointments. Therefore, Dorothy Livers will be dismissed.

At the appointment on November 24, 2020, Stanton told Dr. Liaw he was in severe pain. Dr. Liaw examined Stanton, but said he did not find a mass even though Stanton alleges it was large enough to be visible at that time. In the seven weeks thereafter, he alleges Dr. Liaw provided him no medical care despite several reports from staff who saw the lump and his own reports that he is in extreme pain. These allegations state a claim against Dr. Liaw for acting outside of professional judgment, practice, and standards.

Stanton also sues Wexford Medical, the private company contracted to provide medical services at his prison. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

Stanton speculates Wexford tells its staff to do as little as possible and save as much money as possible so they will be paid a bonus. However, he has not alleged facts from which it can be plausibly inferred that these policies exist or that they are the reason he has not received additional medical treatment. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded

3

factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Therefore, Wexford will be dismissed.

In addition to monetary compensation, Stanton seeks permanent injunctive relief to obtain medical treatment for the painful mass in his abdomen. Inmates are entitled to receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). They are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Here, the allegation that he is not currently receiving any medical care for the painful mass in his abdomen states a claim for injunctive relief. The Westville Correctional Facility Warden has both the authority and the responsibility to ensure that inmates are provided constitutionally adequate medical treatment as required by the Eighth Amendment, therefore he will be added as a defendant for the injunctive relief claim. *See Gonzalez v. Feinerman*, 663 F.3d

311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

Lastly, Stanton seeks preliminary injunctive relief in the form of an ultrasound or MRI of his abdomen. The local rules require preliminary injunction requests to be filed as a separate motion. N.D. Ind. L.R. 65-1(a). However, because he is proceeding without a lawyer, the court will consider the request. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). It is unclear if Stanton can meet this burden, but the complaint will be separately docketed as a preliminary injunction and the Westville Correctional Facility Warden will be ordered to respond to it.

For these reasons, the court:

(1) DIRECTS the clerk to add the Westville Correctional Facility Warden as an official capacity defendant;

(2) DIRECTS the clerk to separately docket the complaint as a motion for preliminary injunction;

(3) GRANTS Christopher A. Stanton leave to proceed against Dr. Liaw in his individual capacity for compensatory and punitive damages for not providing him treatment for a plainly visible, softball sized lump in his abdomen on November 24, 2020, and thereafter, in violation of the Eighth Amendment;

(4) GRANTS Christopher A. Stanton leave to proceed against the Westville Correctional Facility Warden in his official capacity for permanent injunctive relief to

receive constitutionally adequate medical care for the mass in his abdomen as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Wexford Medical, Dorothy Livers, Smith, and Ekea;

(7) DIRECTS the clerk to request Waiver of Service from the Westville Correctional Facility Warden at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(8) DIRECTS the clerk to fax or email the same documents to the Westville Correctional Facility Warden at the Westville Correctional Facility;

(9) DIRECTS the United States Marshals Service to serve process pursuant to 28 U.S.C. § 1915(d) on the Westville Correctional Facility Warden by **February 26, 2021**, if an entry of appearance has not been entered by **February 19, 2021**;

(10) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Dr. Liaw at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(11) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if they have such information;

(12) ORDERS the Westville Correctional Facility Warden to respond to the preliminary injunction motion and to provide a sworn declaration or affidavit with

supporting medical documentation as necessary by **March 5, 2021,** explaining how the mass in the abdomen of Christopher A. Stanton, IDOC # 158436, is being treated as required by the Eighth Amendment; and

(13) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Liaw and the Westville Correctional Facility Warden respond to the complaint as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 12, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT