UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER A. STANTON,<br><br>Plaintiff,<br><br>v.<br><br>DR. LIAW, et al.,<br><br>Defendants. | CAUSE NO. 3:21-CV-89-JD-MGG |

OPINION AND ORDER

Christopher A. Stanton, a prisoner proceeding without a lawyer, moves for a preliminary injunction related to his need for treatment for a "mass" in his abdomen. (ECF 50.) The court ordered a response to the motion, which has now been received. (ECF 71.)

Mr. Stanton, an inmate at Westville Correctional Facility (Westville), was granted leave to proceed on an Eighth Amendment claim against prison physician Dr. Andrew Liaw for monetary damages for failing to provide adequate medical treatment for a mass in his abdomen. (ECF 5.) He was also granted leave to proceed on a claim for permanent injunctive relief against the Warden related to his need for medical care for the mass. (*Id.*) He filed an earlier motion seeking a preliminary injunction, which was denied after briefing in April 2021. (ECF 28.) He now renews his request for a preliminary injunction, arguing that the "mass is getting bigger" and causing him "major pain." (ECF 50.) He is also concerned because he has been "losing weight." (*Id.*)

He asks for an order requiring that he be given an ultrasound of his abdomen immediately. (*Id.*)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Furthermore, mandatory preliminary injunctions—"those requiring an affirmative act by the defendant" like the one Mr. Stanton seeks—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn,

2

extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief under the Prison Litigation Reform Act).

Under the Eighth Amendment, inmates are entitled to adequate medical care, although "[n]ot every ache and pain or medically recognized condition involving some discomfort" will give rise to an Eighth Amendment claim. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021) (citation omitted). Additionally, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care.") (citation and internal quotation marks omitted). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. "The cost of treatment alternatives is a factor in determining what constitutes adequate, minimum-level medical care." *Johnson*, 433 F.3d at 1013.

Furthermore, "[i]t is firmly established . . . that mere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and internal quotation marks omitted). Instead, the court must "defer to medical

3

professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, the inmate must show deliberate indifference, "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722.

The record reflects that Mr. Stanton is currently under the care of doctors at Westville to monitor and treat certain chronic conditions, including diabetes and psychiatric disorders. (ECF 71-3.) Since the court's ruling on his prior motion for a preliminary injunction, he has twice been examined by medical staff based on his reports of an abdominal mass. (ECF 71-1; ECF 71-2.) However, they have not discerned any abnormality in his abdomen. (*Id.*)

Specifically, on October 15, 2021, Mr. Stanton was seen by Dr. Liaw, who attests that he physically examined his abdomen but could not feel any mass. (ECF 71-1.) The doctor did feel a "raised area" that he concluded was an abdominal muscle, which in his opinion was palpable because of Mr. Stanton's "slender" build. (ECF 71-2 at 1.) He concluded that this was "normal anatomy and not an abnormality." (*Id.*) On that date, Dr. Liaw sought a second opinion from Dr. James Jackson, another physician at the prison. (*Id.*) He asked Dr. Jackson to physically examine Mr. Stanton's abdomen, but did not give him any other details "to keep his findings/assessment as independent . . . as

4

possible." (*Id.*) Dr. Jackson also concluded there were no abnormalities in Mr. Stanton's abdomen. (*Id.*)

More recently, on February 14, 2022, Dr. Liaw physically examined Mr. Stanton again based on his reports of an "abdominal mass" that was getting bigger. (*Id.* at 5.) He again felt no discernible mass. (*Id.*) He asked a nurse practitioner to physically examine Mr. Stanton's abdomen, but again did not provide her any details about Mr. Stanton's history so as not to "cloud" her assessment. (*Id.*) She found nothing abnormal either. (*Id.*) Dr. Liaw also noted on that date that Mr. Stanton had gained 10 pounds in the past year, which in his opinion made it very unlikely Mr. Stanton had cancer, as he appeared to believe. (*Id.*) Dr. Liaw nevertheless directed him to follow up as needed. (*Id.*)

Based on the above, Mr. Stanton has not demonstrated a likelihood of success on his claim that he is receiving constitutionally deficient medical care for an abdominal mass. The record reflects that he has received careful evaluation of his abdomen and was seen as recently as last month. Three different medical professionals, including two doctors, have palpated Mr. Stanton's abdomen but have not discerned any abnormality warranting treatment. Mr. Stanton believes he is need of an ultrasound, but there is no indication any medical professional has recommended such testing. The court must defer to the treatment decisions of prison medical providers unless no minimally competent professional would have responded as they did. *Walker*, 940 F.3d at 965. Given the medical records before the court, Mr. Stanton has not satisfied this standard. Nor has he demonstrated that he will suffer irreparable injury if he is not granted immediate relief.

5

For these reasons, the plaintiff's motion for a preliminary injunction (ECF 50) is DENIED.

SO ORDERED on March 9, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT